**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 02 2014, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTOPHER D. KEHLER**
Kehler Law Firm, PC
Warsaw, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARC M. LINDSEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 43A03-1309-CR-361 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee/Plaintiff. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable James C. Jarrette, Judge
Cause No. 43D02-1111-CM-1338

**May 2, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On October 30, 2011, Appellant-Defendant Marc Lindsey was involved in an altercation in Kosciusko County. When law enforcement officers attempted to approach Lindsey, Lindsey forcibly resisted one of the officers and, in doing so, caused bodily injury to that officer. As a result of the altercation and his actions relating to the officer, Lindsey was charged with numerous crimes. Lindsey subsequently pled guilty to one count of Class D felony resisting law enforcement. On August 12, 2013, the trial court sentenced Lindsey, pursuant to the terms of Lindsey's plea agreement, to a one-year executed sentence. On appeal, Lindsey contends that the trial court abused its discretion in sentencing him. Finding no abuse of discretion by the trial court, we affirm.

## FACTS AND PROCEDURAL HISTORY

The factual basis entered during the April 25, 2013 guilty plea hearing provides as follows:

[Defense Attorney]: Back on October 30, 2011, here in Kosciusko County, State of Indiana, isn't it true that you knowingly or intentionally forcibly resisted, obstructed or interfered with a law enforcement officer while that officer was engaged in his duties as a law enforcement officer and in so doing, caused bodily injury to that officer?

[Lindsey]: Knowingly or intentionally?

[Defense Attorney]: Knowingly or intentionally. When they grabbed you, you pulled back and resisted.

\*\*\*\*

[Lindsey]: I pulled back.

[Defense Attorney]: You pulled back from an officer who grabbed you? Isn't that correct?

[Lindsey]: Yes. I did.

\*\*\*\*

[Defense Attorney]: Marc, back on October 30, 2011, here in Kosciusko

2

County, State of Indiana, do you agree that you knowingly or intentionally resisted or obstructed or interfered with a law enforcement officer while that officer was engaged in his duties as an officer and in so resisting, caused injury to that officer? Yes or no?

[Lindsey]: Yes.

Tr. pp. 19-21.

As a result of Lindsey's actions, the State subsequently charged Lindsey with seven criminal charges. On April 25, 2013, Lindsey entered into a plea agreement by which he agreed to plead guilty to Class D felony resisting law enforcement. In exchange for Lindsey's plea, the State agreed to dismiss the remaining charges. Pursuant to the terms of Lindsey's plea agreement, Lindsey would be sentenced to a term of one year with the determination as to whether the sentence would be executed in the Indiana Department of Correction ("DOC") or suspended to probation left to the discretion of the trial court. On August 12, 2013, the trial court accepted the plea agreement and sentenced Lindsey to a one-year executed sentence. This appeal follows.

## DISCUSSION AND DECISION

Lindsey contends that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."

3

*Id*. (quotation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id*. at 490-91.

Lindsey claims that the trial court abused its discretion in ordering that his entire one-year sentence be executed in the DOC. In making this claim, Lindsey argues that the trial court failed to give proper mitigating weight to his guilty plea. Lindsey argues that his plea should have been given greater weight because by pleading guilty, he accepted responsibility for his actions and saved the State the expense and time of proceeding to trial. "[A]lthough we have long held that a defendant who pleads guilty deserves 'some' mitigating weight to be given to the plea in return, a guilty plea may not be significantly mitigating when the defendant receives a substantial benefit in return or when the defendant does not show acceptance of responsibility." *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007) (citations omitted).

In the instant matter, Lindsey's decision to plead guilty seems to represent a tactical decision rather than a true showing of remorse as Lindsey received a great benefit in return for his guilty plea. In exchange for Lindsey's plea, the State agreed to dismiss the six

4

remaining criminal charges. Lindsey undoubtedly benefited from the dismissal of these charges. Also in exchange for Lindsey's plea, the State agreed to limit his sentence to a term of one year, which is below the advisory sentence for a Class D felony.[1] Furthermore, the record indicates that Lindsey had a substantial criminal history and, as a result, he did not qualify for other more lenient sentencing options such as work release. The trial court considered each of these factors in imposing an executed one-year sentence. We conclude that the trial court did not abuse its discretion in this regard.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.

---

[1] "A person who commits a Class D felony shall be imprisoned for a fixed term between six (6) months and three (3) years, with the advisory sentence being one and one-half (1½) years." Ind. Code § 35-50-2-7.